Henderson W. Morrison, J.
On October 6, 1967, a warrant directing the forthwith arrest of the defendant was issued "by Hon. Francis J. Donovan of this court. This warrant was based upon an information dated October 6,1967, charging the defendant with the violation of section 225.05 of the Penal Law on the 6th, 7th and 8th days of September, 1967. Thereafter, on October 25, 1967, four officers of the Nassau County Police Department entered the defendant’s regular place of business, a stationery store in Mineóla, and at that time, conducted a search of the premises. As a result of this search, three additional informations were laid against the defendant, charging him with violations of section 225.05, subdivision 1 of section 225.15 and subdivision 3 of section 205.00 of the Penal Law. The defendant moved for an order suppressing the evidence obtained as a result of this search, and a hearing was conducted before this court on June 20,1968.
It is well-settled law that a search may be made without a search warrant when it is incidental to and contemporaneous *350 with a lawful arrest, and this court would have no quarrel with the area or the scope of the search conducted in this case, had it been conducted with due diligence and within a reasonable period of time after the issuance of the arrest warrant. However, where the arrest is deliberately delayed and there is no explanation or justification offered for such delay, then, in the opinion of this court, it would appear that this was an attempt to circumvent the applicable law of search and seizure. In such event, the subsequent search and seizure becomes unreasonable and illegal. (See McKnight v. United States, 183 F. 2d 977; People v. Colvert, 33 Misc 2d 714.) While this phase of the testimony at the hearing was not elaborated upon, it does appear that the Police Department had the premises under observation. During the 19-day period, the Police Department had more than a reasonable opportunity to apply for a search warrant, were they of the belief that a crime or crimes were being committed therein. Under the circumstances, the motion to suppress the evidence obtained as a result of the search is granted.